IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | CIVIL ACTION NO. |
| Plaintiff, | |
| v. | |
| KNOUSE FOODS COOPERATIVE, INC. | COMPLAINT |
| Defendant. | JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices that discriminate based on sex, national origin, and retaliation, and to provide appropriate relief to a class of Mexican female employees who were adversely affected by such practices. As articulated with greater particularity in paragraphs 7-9 below, the Commission alleges that a class of Mexican female employees was subjected to sexual harassment through

frequent sexually explicit, insulting, and derogatory comments and conduct by male co-workers and/or supervisors which created a hostile and offensive work environment for them as Mexican females. The Commission also alleges that employees who complained were further subjected to retaliatory discipline, reassignments, and/or termination. Defendant failed to take prompt and effective remedial action.

Because of the unlawful employment practices, the class of Mexican female employees suffered damages, including monetary losses and severe emotional distress damages.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to § 706(f) (1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. "§ 2000e-5(f)(1) and (3)" ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Middle District of Pennsylvania.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the

"Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000(e)-5(f) (1) and (3).

4. At all relevant times, Defendant Employer, Knouse Foods Cooperative, Inc. ("Knouse Foods"), has continuously been and is now doing business in Gardners, Pennsylvania (Adams County) and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, a Commissioner's charge was filed by Commissioner Stuart J. Ishimaru alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least January 2006, Defendant Employer has engaged in unlawful employment practices at its Gardners, Pennsylvania facility in violation of Section 703(a) (1) of Title VII, 42 U.S.C. § 2000e-2(a) (1), by

3

subjecting a class of Mexican female employees to a sexually hostile work environment, by the conduct of co-workers and by at least one male lead/supervisor, as follows:

(a) Male employees engaged in frequent and unrelenting sexually offensive conduct toward Mexican female employees which included, but was not limited to:

(1) singing vulgar, sexual verses to female employees;

(2) whistling or making animal noises at female employees;

(3) mocking and laughing at female employees;

(4) making sexual advances at female employees and asking them on dates;

(5) boldly asking female employees to have sex with them or to expose their breasts;

(6) making statements that they wanted to suck the female's breasts;

(7) blocking female co-workers with their bodies or with a broom while the female walked down the hall;

(8) intentionally grabbing their crotch area while in the presence of female employees;

(9) using the forklift to chase the female employees or

4

frighten them with the forklift horn;

(10) using derogatory and anti-Mexican terms to demean Mexican female workers;

(11) making vulgar comments, jokes, and references using the word "verga" (penis); and

(12) banging against the lockers and making moaning sounds when Mexican female workers changed into or out of their work clothes in the locker room.

(b) Mexican female employees repeatedly complained about the sexually offensive work environment created by male employees to a number of Defendant's Supervisors and Managers. However, Defendant failed to take prompt and effective remedial action to address the sexually hostile work environment. Instead, the sexually charged environment continued and/or intensified. Defendant's futile attempts at corrective action proved ineffective.

8. Since 2006, Defendant Employer has engaged in unlawful employment practices at its Gardners facility in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by subjecting a class of Mexican female employees to national origin harassment, by the conduct of its lead persons and supervisory employees, as follows:

5

(a) Mistreating the Mexican employees by yelling at them, cursing at them, throwing items at them, pushing them, calling them "dumb Mexican" or "stupid Mexican" and/or commenting that "all Mexicans are stupid", and/or refusing to extend any assistance when it was sought by a Mexican employee.

(b) Insulting Mexican female employees using terms or phrases such as "verga"(penis), "me vale madre" (I don't give a f--k), "nomames" (stop sucking), and "nopales" (a derogatory term for immigrant Mexicans who just crossed the border into the U.S).

(c) Encouraging other male employees to use similar derogatory terms against the Mexican female employees.

(d) Despite numerous complaints to Defendant Employer's managers, the harassment continued and worsened. Further, Defendant failed to maintain or keep records of such complaints or of any attempts at corrective action.

9. Since May 2008, Defendant Employer has engaged in unlawful employment practices at its Gardners facility in violation of Section 704(a)(1) of Title VII, 42 U.S.C. § 2000e-3(a), by subjecting several of its female employees to retaliation in the form of less favorable terms and conditions of their employment and/or termination because they engaged

6

in protected activity by opposing discriminatory practices, as follows:

    (a) On or about May, 2008, unfairly disciplining three Mexican female employees for engaging in conduct which was not against company rules and which routinely was engaged in by other employees who had not engaged in protected activity and who had not been disciplined.

    (b) On or about May 2008, unfairly reassigning a Mexican female employee from her regular "peeling" duties to the physically demanding Cider Mill job for a two week period without sufficient guidance or training.

    (c) In June 2008, unfairly terminating a Mexican female employee.

10. The effect of the practices complained of in paragraphs 7-9 above has been to deprive the class of Mexican female employees of equal employment opportunities and otherwise adversely affect their status as employees because of their sex (female), national origin (Mexican), and/or for engaging in protected activity..

11. The acts complained of in paragraphs 7-9 above were intentional.

12. The unlawful employment practices complained of in paragraphs 7-9 above were done with malice or with reckless indifference

7

to the federally protected rights of the a class of Mexican female employees.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in harassment and unfair terms and conditions of employment, and any other employment practice which discriminates on the basis of sex, national origin, and/or retaliation.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for its employees, which provide for a harassment-free work environment, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to institute and carry out anti-discrimination and sexual harassment policies and complaint procedures.

D. Order Defendant Employer to institute and carry out complaint procedures which encourage employees to come forward with complaints regarding violations of its policies against discrimination and harassment.

E. Order Defendant Employer to institute and carry out a training

8

program which shall promote supervisor accountability imposing on all managers and supervisory personnel a duty to actively monitor their work areas to ensure compliance with policies on non-discrimination and anti-harassment; and requiring all managers and supervisors to report any incidents and/or complaints of harassment and/or retaliation of which they become aware to the department or personnel charged with handling such complaints.

F. Order Defendant Employer to make whole the class of Mexican female employees and former Mexican female employees by providing appropriate back pay, bonuses, and/or benefits, reinstatement and/or front pay, with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

G. Order Defendant Employer to make whole the class of Mexican female employees and former employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 - 9 above, including, but not limited to out-of-pocket losses, in amounts to be determined at trial.

H. Order Defendant Employer to make whole the class of Mexican female employees and former employees by providing compensation for

9

Case 3:02-cv-06001-CSC Document 1098 Filed 09/21/09 Page 10 of 11

past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 7 – 9 above, including pain and suffering, humiliation, embarrassment, loss of life's enjoyment and pleasures, depression, anxiety and inconvenience, in amounts to be determined at trial.

    I.    Order Defendant Employer to pay the class of Mexican female employees and former employees punitive damages for its malicious and reckless conduct described in paragraphs 7 - 9 above, in amounts to be determined at trial.

    J.    Grant such further relief as the Court deems necessary and proper in the public interest.

    K.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

10

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
WASHINGTON, D.C.

_____
DEBRA M. LAWRENCE
Regional Attorney (Acting)

_____
IRIS SANTIAGO-FLORES
Senior Trial Attorney

EEOC, Philadelphia District Office
801 Market Street,
Penthouse, Suite 1300
Philadelphia, PA 19107-3127
(215) 440-2684(direct)
(215) 440-2828(fax)
Iris.Santiago-Flores@eeoc.gov
PA 60171

11