FILED
HARRISBURG, PA

JUL 2 2 2010

MARY E. D'ANDREA, CLERK
Per _____ /s/ _____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
 )
 )
Plaintiff, )
 )
v. ) Civil Action No.
 ) 1:09-cv-01811-CCC
KNOUSE FOODS COOPERATIVE, INC., )
 )
Defendant. )
 )

## CONSENT DECREE

This action was instituted by the U.S. Equal Employment Opportunity Commission ("the EEOC" or "the Commission") against Defendant, Knouse Foods Cooperative, Inc. ("Knouse" and/or "Defendant"), alleging violations of Sections 703(a) and 704(a) of Title VII of the Civil Rights of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e-2(a), 2000e-3(a). The Complaint alleges that Defendant subjected a class of Mexican female employees at Defendant's facility in Gardners, Pennsylvania ("Gardners facility") to sexual and national origin harassment through offensive, explicit, and derogatory comments and conduct by male co-workers and/or supervisors. The Complaint also alleges that Defendant retaliated against three Mexican female employees by disciplining and/or reassigning them because they complained about the harassment.

This Consent Decree is entered into by and shall be final and binding between the EEOC and Knouse, its directors, officers, agents, successors and assigns.

The Commission and Defendant desire to resolve this action without the time and expense of a jury trial, and they desire to formulate a plan to be embodied in a Decree which will promote and effectuate the purposes of Title VII.

This Decree shall not constitute an adjudication on the merits of the Commission's case and shall not be construed as any admission by Defendant of any discriminatory practice or of liability with respect to any Claimant, with all such liability being expressly denied by Defendant. Nor shall it constitute a waiver by the Commission of any contentions of discrimination.

The Court has examined this Decree and finds that it is reasonable and just and in accordance with the Federal Rules of Civil Procedure and Title VII. Therefore, upon due consideration of the record herein, it is ORDERED, ADJUDGED AND DECREED:

1. This Decree resolves all issues and claims alleged in the Complaint and Amended Complaint filed by the Commission in this Title VII action.

2. This Decree shall be in effect for a period of three years from the date it is entered by the Court.

3. Defendant and its officers, managers, supervisors, successors, and assigns are hereby enjoined from engaging in any harassment based on sex or national origin of any employee at its Gardners facility, and from condoning harassment of any such employee. The prohibited harassment includes the use of offensive or derogatory comments, and other verbal or physical conduct based on sex or national origin, which creates an intimidating, hostile, or offensive working environment, or interferes with the individual's work performance. Such harassment violates Title VII, which, in part, is set forth below:

> It shall be an unlawful employment practice for an employer --
> (1) ... to discriminate against any individual with respect to [his or her] ... terms, conditions, or privileges of employment, because of such individual's ... sex , or national origin....

42 U.S.C. § 2000e-2(a)(1). Defendant and its officers, managers, supervisors, successors, and assigns are further enjoined from retaliating against any employee who complains of discrimination, as set forth in the following provision:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees ... because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. § 2000e-3(a).

4. Within thirty days after the entry of this Decree Defendant shall pay a total of $250,000, which will be allocated in equal amounts as settlement of the claims for compensatory damages and attorneys' fees to Blanca Lupian and Ofelia Idelfonso. A photocopy of the checks distributed and related correspondence will be mailed to the EEOC Counsel of Record, Philadelphia District Office, 801 Market Street, PH, 13th Floor, Philadelphia, PA 19107. Defendant shall issue payees IRS Form 1099s to document the payments on or before the date required by the Internal Revenue Service for the 2010 tax year.

5. Defendant shall pay an additional amount of $50,000, which will be allocated as settlement of the claims for compensatory damages, to the following designated class members: Luz Ruiz, Graciela Moran, Iris Noriega, Maria Frias, Esperanza Alvarez, and Imelda Mendez. The distribution of the settlement amount shall be determined solely by the EEOC. A photocopy of the checks distributed and related correspondence will be mailed to the EEOC, Philadelphia Field Office, 801 Market Street, 13th Floor, Philadelphia, PA 19107. Defendant shall issue payees IRS Form 1099s to document the payments on or before the date required by the Internal Revenue Service for the 2010 tax year.

6. In exchange for the settlement amount paid, each Class Member referenced in paragraph 5 above must execute and return, within sixty days of receipt, a Release Agreement (attached as Exhibit B) to the EEOC. The EEOC will then send Defendant's counsel the executed Release Agreements. Within ten days of receipt of last executed Release Agreement, Defendant shall distribute the settlement amount(s) via checks as referenced above in paragraph 5.

7. Within ninety days from the date of entry of the Decree, Defendant's employees, managers, supervisors, foremen, and lead persons at its Gardners facility, and Defendant's Director of Human Resources will attend a training program lasting at least two hours for managers and supervisors and at least one hour for non-managerial employees. The training will cover the prevention of employment discrimination and compliance with federal anti-discrimination laws, with an emphasis on the prohibitions against sexual and national origin harassment, and retaliation. The training will be conducted by an outside law firm or consultant as previously agreed to by the EEOC and Defendant. Within ten days after the completion of the training, Defendant will provide written certification to the EEOC Counsel of Record verifying the attendance of all persons described above.

8. Knouse will implement and distribute to all employees a written policy requiring all lead persons, foremen, supervisory and managerial employees to report immediately to its facility's local human resources manager _any_ complaints of alleged discrimination, harassment, or other allegedly wrongful behavior based upon sex or national origin; and any complaints of alleged retaliation for opposing such alleged discrimination or harassment. This policy will also require Defendant to document the complaint, the investigation, and the action

4

taken in response to such complaints in a Personal Disciplinary Documentation (if discipline or warning is issued) or other written memorandum or form stating the nature of the complaint and the investigation taken and the reason why no action was taken (if no discipline or warning issued). Pursuant to this policy, any and all aforementioned complaints shall be documented and investigated whether or not the Knouse representative receiving the complaint deems it to have merit. The human resources manager will follow the steps outlined above for documenting the complaint and investigation. A complete file of such documentation described above shall be maintained securely by the Corporate Human Resources Manager. Knouse shall allow any EEOC representative to view said file for employees at its Gardners facility on demand during the effect of this Consent Decree. The Gardners' complete file shall be forwarded to EEOC counsel of record every six months during the effect of this Consent Decree and on the last day that this Consent Decree is effective.

9.   Knouse will also implement and distribute to all employees a written policy of allowing an employee who complains of discrimination, harassment or retaliation to make his or her complaint to the Plant Manager or appropriate human resources official in private and without the alleged offending employees being present.

10.  Within ten days after entry of the Consent Decree, Defendant will post immediately, in all places where notices to employees customarily are posted at Knouse's Gardners facility and at its administrative office, the EEOC's poster informing employees of their rights, as well as the Notice attached hereto and made a part hereof. Said Notice shall be posted and maintained for the life of the Consent Decree and shall be signed by a responsible management official with the date of actual posting shown thereon. Should the Notice become

5

defaced, marred, or otherwise made unreadable, Defendant will ensure that new, readable copies of the Notice are posted in the same manner as heretofore specified.

11. Within 30 days after entry of the Consent Decree, Defendant shall submit the revised policies referenced in paragraphs 8 and 9 to the EEOC's attorney of record for approval by the EEOC. The EEOC will then notify Defendant within 14 days as to whether the policies are acceptable. In the event the proposed policies are not acceptable to the EEOC, the parties will confer in good faith and attempt to reach an agreement no later than 10 days after Defendant receives EEOC's objection. In the event the parties are unable to reach an agreement, they shall submit their dispute to the Court with a request for a referral to a United States Magistrate for mediation.

12. Within 15 days after the revised policy has been approved by the EEOC, Defendant shall forward a copy of the signed posted Notice referenced in paragraph 10 and certify in writing to the EEOC's attorney of record that (1) the policy requirements referenced in paragraphs 8, 9, and 11 above have been implemented and distributed and (2) that the signed Notice has been posted, along with a statement of the locations and date(s) of posting.

13. In the event that either party to this Decree believes that the other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance and shall afford the alleged non-complying party twenty-one days to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within twenty-one days, the complaining party may apply to the Court for appropriate relief.

14. The Commission and Defendant shall bear their own costs and attorneys' fees.

15. All claims brought by the EEOC against Defendant shall be and hereby are dismissed with prejudice, subject to this Court's jurisdiction to enforce provisions of this Consent Decree.

The undersigned counsel of record hereby consent to the entry of the foregoing Consent Decree.

For Plaintiff:

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

_____
Debra M. Lawrence
Regional Attorney

_____
Maria L. Morocco
Acting Supervisory Trial Attorney

_____
Iris Santiago-Flores
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Philadelphia District Office
801 Market Street, PH, Suite 1300
Philadelphia, PA 19107
(215) 440-2684

For Defendant:

KNOUSE FOODS COOPERATIVE, INC.

_____
Adam R. Long
Attorney, Labor & Employment Group
McNEES WALLACE & NURICK LLC
100 Pine Street, P.O. Box 1166
Harrisburg, PA 17108-1166
(717) 237-5209

By the Court: _____   Date: 7/22/10
UNITED STATES DISTRICT JUDGE

# NOTICE TO EMPLOYEES
# POSTED PURSUANT TO A CONSENT DECREE BETWEEN
# THE U. S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
# AND KNOUSE FOODS COOPERATIVE, INC.

Under Section 703(a) of Title VII, it is unlawful for an employer to "discriminate against any individual with respect to his [or her]... terms, conditions, or privileges of employment because of such individual's ... sex, or national origin...."

Harassment on the basis of sex or national origin violates Title VII. The use of offensive or derogatory comments, or other verbal or physical conduct based on an individual's sex or national origin, constitutes unlawful harassment if the conduct creates an intimidating, hostile, or offensive working environment, or interferes with the individual's work performance.

Under Section 704(a) of Title VII, "it shall be an unlawful employment practice for an employer to discriminate against any of his employees ... because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

This Notice confirms Knouse Foods Cooperative, Inc.'s commitment to comply with Title VII.

**KNOUSE FOODS COOPERATIVE, INC. WILL NOT** engage in any acts or practices made unlawful by the above sections.

**KNOUSE FOODS COOPERATIVE, INC. WILL NOT** engage in any harassment of employees based on sex or national origin.

**KNOUSE FOODS COOPERATIVE, INC. WILL NOT** retaliate against employees for complaining about harassment based on sex or national origin.

**KNOUSE FOODS COOPERATIVE, INC.**
**(Employer)**

Dated: _____   By:_____
(Representative)(Title)

**EXHIBIT "A"**

## RELEASE AGREEMENT FOR [_____]

In consideration for the gross sum of $_____ paid to me by Knouse Foods Cooperative, Inc., in connection with the resolution of *EEOC v. Knouse Foods Cooperative, Inc.*, No. 1:09-cv-01811-CCC (M.D. Pa.), I waive my right to recover for any claims of sex and/or national origin harassment under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, that I had against Knouse Foods Cooperative, Inc., prior to the date of this release and that were included in the claims alleged in the EEOC's complaint in *EEOC v. Knouse Foods Cooperative, Inc.*, No. 1:09-cv-01811-CCC (M.D. Pa.).

_____  _____
Date                              [INSERT NAME AND ADDRESS]

**EXHIBIT "B"**